ATLAS COMMERCIAL COMPANY, DEMANDANTE Y APELADA, *v.*
GÓMEZ ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Guayama en
pleito sobre cobro de dinero.

No. 1613.—Resuelto en noviembre 30, 1917.

COMPRAVENTA MERCANTIL—COMISIÓN MERCANTIL—CUENTA CORRIENTE ILÍQUIDA—
MANDATO O COMISIÓN—INTERPRETACIÓN DE CONTRATO.—En este caso se alegó
que el contrato objeto del pleito era uno de comisión mercantil y de cuenta
corriente ilíquida, y se resolvió que la corte inferior lo interpretó bien al
estimarlo de compraventa mercantil aunque hasta cierto punto y hasta una
claramente marcada extensión parece que en el asunto se envuelve un ele-
mento constitutivo de mandato o comisión; y que cualquier duda que haya
podido existir respecto a cómo debía entenderse el documento original quedó
esclarecida por la interpretación práctica que le dieron las partes mediante
su propia conducta.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Manuel A. Martínez.*

Abogado de la apelada: *Sr. Gustavo Rodríguez.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del
tribunal.

La demandante-apelada, que de aquí en adelante llama-
remos demandante, después de haberse apelado de la sen-
tencia de la corte municipal y celebrado un juicio *de novo* en
la de distrito, obtuvo una sentencia en contra de los deman-
dados-apelantes, que de ahora en adelante llamaremos de-
mandados, por virtud de una cuenta abierta después de ha-
berse otorgado un contrato entre la demandante, como com-
pareciente de la primera parte, y los demandados, como com-
parecientes de la segunda parte, lo pertinente del cual reza
como sigue:

"Que tienen convenido entre sí un contrato de compraventa de
gomas y tubos para automóviles de la marca 'Firestone' para dedi-
carse los comparecientes de la segunda parte a la reventa de los mis-
mos, dentro del Distrito de Guayama, y lo hacen constar mediante
el presente otorgamiento, en las formas que explican las cláusulas
siguientes:

"*Primera:* Los comparecientes, Don Ricardo A. Gómez y Don

Arturo Gervanio López y Giraud, se comprometen a comprar a la Compañía 'Atlas Line' gomas y tubos de la marca 'Firestone' por valor de DOS MIL DOLLARS en el término de un año, a contar desde esta fecha, que es el término de duración de 'este contrato.

"*Segunda:* Si en el término del primer trimestre los comparecientes de la segunda parte venden gomas 'y tubos por valor de MIL DOLLARS, se comprometen a aumentar el importe de sus compras a la Atlas Line hasta la suma de TRES MIL DOLLARS.

"*Tercera:* Se conviene expresamente que la Atlas Line concederá a los comparecientes de la segunda parte un descuento sucesivo de un diez y de un dos y medio por ciento sobre toda compra no menor de QUINIENTOS DOLLARS; debiendo en este ·caso las mercancías compradas ser puestas en el puerto de Arroyo, C. I. F. o sea corriendo el importe del flete y seguro por ·cuenta de la Atlas Line.

"*Cuarta:* En el caso de que las compras sean por cantidad menor de QUINIENTOS DOLLARS, los efectos comprados se despacharán en las oficinas de San Juan o Ponce, y el flete y seguro serán en este caso por cuenta de los comparecientes de la segunda parte; siendo claridad que mientras exista la línea de carros de la Atlas Line entre San Juan y Ponce, vía Guayama, los efectos serán conducidos por los carros de dicha línea gratuitamente; siendo entendido que en el caso de estas compras por cantidad menor de QUINIENTOS DOLLARS los comparecientes de la segunda parte tendrán derecho a una comisión de un diez por ciento sobre el precio de la lista consumidores.

"*Quinta:* Es claridad que los pueblos del Distrito de Guayama comprendidos dentro del negocio aquí establecido son los siguientes: Guayama, Arroyo, Salinas, Santa Isabel, Cayey, Aibonito, Barranquitas, Cidra, y Patillas; quedando convenido que todo artículo de los comprendidos en este contrato que la Atlas Line venda en dichos pueblos no podrá serlo a otro precio que el de reventa, debiendo la Atlas Line acreditar en la cuenta de los comparecientes de la segunda parte la diferencia entre dichos precios y los convenidos privadamente entre las partes aquí contratantes; siendo claridad que' esta cláusula no .será aplicable a los casos de ventas hechas directamente fuera del mencionado distrito.

"*Sexta:* Las ventas que la Compañía Atlas Line haga a la Compañía Central Aguirre, a Mister Robert S. Prescott, y al Departamento de Riego de Puerto Rico, se entienden excluídas de este contrato a· los efectos de la comisión del diez por ciento en él estipulado.

"*Séptima:* La Compañía Atlas Line garantiza las gomas exteriores a que este contrato se refiere por· un recorrido de tres mil qui-

nientas millas; _____
y siendo también claridad que dichos comparecientes de la segunda
parte, durante el término de este contrato y de su prórroga, si la
hubiere, no podrán vender otras gomas y tubos que no sean de la
marca 'Firestone,'

"*Octava:* Los comparecientes de la segunda parte tendrán siem-
pre un depósito de gomas y tubos no menor de MIL DOLLARS; com-
prometiéndose dichos señores a satisfacer toda orden adicional y las
ventas incluídas dentro del total del depósito, en el improrrogable
término de treinta días; entendiéndose que la cuantía del depósito
aquí establecido estará sujeta al hecho de que la Atlas Line tenga
suficiente existencia para cubrir las ventas que efectúen los com-
parecientes de la segunda parte.

"*Novena:* Los comparecientes de la segunda parte se compro-
meten a tener aseguradas contra incendios las existencias de su es-
tablecimiento local en cantidad suficiente para responder del im-
porte de los efectos que tengan en depósito, remitidos por la Atlas
Line; a cuyo efecto deberán endosarle la póliza correspondiente.

"*Décima:* Es expresamente convenido que si los comparecientes
de la segunda parte se constituyen en sociedad, los derechos nacidos
de este contrato se extenderán a la entidad que formen; estable-
ciéndose, además, que en todo caso toda goma remitida por la Atlas
Line que permanezca en el establecimiento de los comparecientes
de la segunda parte o de la sociedad que formalicen por un período
de tres meses se considerará como vendida."

Sólo dos errores señalan los apelantes: (*a*) Que la sen-
tencia es contraria a la prueba; y (*b*) que la sentencia es
contraria a derecho.

El argumento presentado para sostener ambos errores se
basa en la teoría de que se trata de un contrato de "comi-
sión mercantil" y de una cuenta corriente ilíquida.

Creemos que la corte interpretó bien el contrato al es-
timarlo de compraventa mercantil, aunque hasta cierto punto,
y hasta una claramente marcada extensión, parece que en el
asunto se envuelve un elemento constitutivo de mandato o
comisión. Pero cualquiera duda que haya podido existir
respecto a cómo debía entenderse el documento original ha
quedado esclarecido por la interpretación práctica que le han
dado las partes mediante su propia conducta. *Gile* v. *In-*

*terstate Motor Car Company,* 84 L. R. A. (N. S.) 1915 B, 109 y notas.

La cuenta cubre un período que se extiende desde 12 de junio de 1913 hasta el 2 de abril de 1914 y revela una deuda total de $4,482.57 y abonos montantes a $3,989.46, dejando un saldo a favor de la demandante por $493.11, por cuya suma de dinero se dictó sentencia.

Toda factura iba acompañada de su correspondiente borderó, y seguida de un estado general de cuentas. También, en 3 de enero de 1914, los demandados pidieron y obtuvieron el día 6 un estado detallado de su cuenta, al que los demandados no presentaron oposición alguna hasta después de notificados, en 6 de marzo, de que no estaba la demandante dispuesta a esperar más y de que quería se liquidase la cuenta dentro de la semana que finalizó el 14 de marzo. El último día en que vencía el plazo fijado, se levantó por los demandados una cuestión sobre una goma (*tire*) o dos y volvieron a pedir otra cuenta detallada con el fin de verificar la alegada diferencia y pidieron un poco más de tiempo.

La teoría de una cuenta ilíquida basada sola y exclusivamente en la vaga reclamación de la posible diferencia supra-mencionada, formada prácticamente en el umbral de la corte al que estaban a punto de ser citados los demandados, y después de un reconocimiento tácito de la deuda consignado en numerosas cartas que se cruzaron las partes por varios meses, haciendo pequeños abonos, dando cumplimentadas excusas y haciendo muchas promesas, sin mencionar ni siquiera un sólo artículo de diferencia, es completamente demasiado tenue para que reciba detenida consideración.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf y del Toro.

Los Jueces Sres. Presidente Hernández y Asociado Aldrey no intervinieron.